## BENJAMIN N. BULLOCK *vs.* SUMNER P. LINDSAY.

In an action for a malicious prosecution against the plaintiff for assaulting the defendant with a knife, the defendant cannot introduce evidence that before the alleged assault the defendant had been informed that the plaintiff had carried dangerous weapons and had been prosecuted therefor; or that the defendant before the affray in which the assault was pretended to have been committed saw the plaintiff lurking about his barn.

ACTION OF TORT for a malicious prosecution by making a complaint against the plaintiff for an assault upon the defendant with a knife with intent to kill, upon which the plaintiff was bound over; but the grand jury found no bill against him. Answer, that the complaint was not made maliciously, nor without probable cause. Trial before *Bigelow*, J., who made a report to the full court, the material parts of which were as follows:

" The plaintiff and defendant both testified in the case. The evidence on the part of the defendant tended to show that on the evening of the day alleged in the complaint there was an affray between him and the plaintiff; and the defendant testified that the plaintiff had in his hand during the affray a knife, and that the plaintiff assaulted him and cut him with the knife upon the hand. The knife alleged to have been used was a pocket knife with a spring back, sometimes called a carpenter's knife. There was evidence in the case which tended to cor

Bullock *v.* Lindsay.

roborate the evidence of the defendant as to the assault upon him with this knife.

" The defendant offered evidence to prove that prior to this alleged assault he had been informed by third persons that the plaintiff carried about with him dangerous weapons; and that a year previous he had been informed and knew that a prosecution had been commenced against the plaintiff for carrying concealed and dangerous weapons. This evidence was rejected.

" It appeared in evidence on the part of the plaintiff that the defendant on the night of the affray first accosted the plaintiff, and demanded to know why he (the plaintiff) was 'lurking' round his premises, and said he did not want people 'lurking' round there. The defendant testified that he did make an inquiry of the plaintiff as to why he was 'lurking' about the premises. The defendant proposed to prove that the plaintiff had, in fact, previous to this time, 'lurked' about the barn of the defendant. This evidence was rejected.

" If either of these rulings was erroneous, a new trial is to be had, otherwise judgment is to be rendered on the verdict, which was for the plaintiff."

*F. H. Dewey*, for the defendant. 1. The evidence that the defendant had been informed that the plaintiff carried dangerous weapons, and knew that he had been prosecuted therefor, had a direct tendency to show that the defendant on reasonable grounds believed that the intention of the plaintiff was as charged in the complaint, and that the plaintiff's character was that of a quarrelsome and dangerous man. It should therefore have been admitted. *Bacon* v. *Towne*, 4 Cush. 239, 240. *Smith* v. *Hyndman*, 10 Cush. 556.

2. The evidence that the plaintiff had previously lurked about the defendant's barn was admissible to show that the defendant had reasonable cause to suspect that the plaintiff had an intention to injure him in some way.

*C. Devens, Jr. & E. B. Stoddard*, for the plaintiff, cited *Stone* v. *Crocker*, 24 Pick. 87; *Bacon* v. *Towne*, 4 Cush. 217; *Smith* v. *Hyndman*, 10 Cush. 554; *Tillotson* v. *Warner*, 3 Gray, 574; 2 Greenl. Ev. § 458; *Rodriguez* v. *Tadmire*, 2 Esp. R. 721, *Newsam* v. *Carr*, 2 Stark. R. 69.

By the Court. Judgment must be rendered on this verdict. No evidence was excluded, which tended to show that the plaintiff had committed an assault upon the defendant, or that the defendant had probable cause to believe that such an assault had been committed upon him. Evidence that the defendant had been informed that the plaintiff had carried dangerous weapons, and been prosecuted therefor, had no tendency to show that he had probable cause for believing that the plaintiff had committed an assault upon him. The evidence subsequently offered was entirely irrelevant.

*Judgment on the verdict.*